IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00978-WYD-KLM

ELAINE LEVY, and those she represents,

    Plaintiff,

v.

CLAYTON DOWNEY WORTHINGTON,
PROGRESSIVE OVERLOAD, LLC,
MARK TYSON,
GORDON KACALA,
RITA KACALA,
COLORADO VELODROME ASSOCIATION, INC.,
USA CYCLING, INC., and
UNITED STATES OLYMPIC COMMITTEE,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Motion to Amend Answer** [Docket No. 45; Filed August 2, 2011] (the "Motion") filed by Defendants Gordon and Rita Kacala ("Defendants"). Defendants filed a Second Amended Answer [Docket No. 33] on July 1, 2011. They now seek to amend so as to assert a counterclaim, and they have tendered a proposed Third Amended Answer [Docket No. 45-2]. Defendants represent that Plaintiff opposes the Motion.[1]

---

[1] The Court is not required to wait for Plaintiff to file a response before resolving the Motion. D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Where, as here, the Court finds that Defendants have shown good cause for amending their Answer, waiting for a response is unnecessary and inefficient.

The deadline for joinder of parties and amendment of pleadings in this case is August 5, 2011. *Courtroom Minutes/Minute Order* [Docket No. 26] at 2. Accordingly, Defendants' Motion was timely filed.

The Court has discretion to grant a party leave to amend his pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to the plaintiff is the most important factor in considering whether a defendant should be permitted to amend his answer so as to assert a counterclaim. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the [plaintiff] in terms of preparing [his] defense to [counterclaims asserted in the] amendment." *Id.* (quotation omitted).

In this case, the Court finds that Plaintiff will not be prejudiced by allowing the filing of the Third Amended Answer. The case is still in its early stages, and Plaintiff has ample time to prepare her response and defenses to Defendants' counterclaims. The deadline for the completion of discovery is more than seven months away, and the deadline for filing dispositive motions is April 16, 2012. *Scheduling Order* [Docket No. 29] at 13 §§ 9(b) and (c). Accordingly, permitting Defendants to amend their Second Amended Answer at this early juncture will not unfairly affect Plaintiff.

For the foregoing reasons, and considering that the Motion is timely and leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Defendants' Third Amended Answer [#45-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Plaintiff shall answer or otherwise respond to Defendants' counterclaims on or before **August 26, 2011**.

DATED: August 8, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge