## LEASE AND JOINT USE AGREEMENT

THIS AGREEMENT made this 18 day of NOVEMBER , 1982, by and between the City of Colorado Springs, a municipal corporation of the State of Colorado (hereafter referred to as City) and the United States Olympic Committee, a congressionally chartered corporation, hereinafter referred to as USOC.

### W I T N E S S E T H :

WHEREAS, the City is the owner of Memorial Park, a regional park which is used by persons throughout the community; and

WHEREAS, the City is desirous to encourage and foster both recreational and competitive athletic use of park and recreational facilities throughout the City; and

WHEREAS, the City believes that there is a need and a desire for amateur human-powered cycling facilities within the City; and

WHEREAS, the USOC desires to fund, build and construct a Velodrome in order to provide proper training facilities for the United States Olympic Cycling Team, as well as excellent cycling facilities for members of the community; and

WHEREAS, budgetary constraints preclude the USOC from purchasing a large tract of land which is necessary for the construction of a Velodrome; and

WHEREAS, the City and the USOC believe that the joint use of the Velodrome for the USOC as well as for citizens of the community would provide a greater benefit to the community as a whole, as well as that to the nation, through the creation of an integrated park and recreation center; and

-1-                                    11/18/82h

**EXHIBIT**

**4**

USOC-00015

WHEREAS, joint efforts by the USOC and the City to provide an integrated Park and Recreation Center will enable a more prudent and economical method of constructing, maintaining and providing such a Center to the community.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is mutually agreed between the parties as follows:

### ARTICLE I

#### DEFINITIONS

As used herein, certain terms are defined as follows:

1.  "City" – The word "City" shall mean the City of Colorado Springs, Colorado, a home rule corporation of the State of Colorado, located in El Paso County, which acts by and through its City Council.

2.  "USOC" – The abbreviation "USOC" shall mean the United States Olympic Committee, a congressionally chartered corporation, which acts by and through its Executive Director and its Executive Board.

3.  "Parks & Recreation Department" or "Parks Department" – shall mean the Department of Parks & Recreation, acting under the authority of Chapter 18, Article 1, Part 1 (Sections 18-1-101 to 18-1-104) of the Code of the City of Colorado Springs 1980, as amended.

4.  "The Velodrome Advisory Committee" – The Velodrome Advisory Committee shall mean the 2-member committee composed of 1 representative from the Parks & Recreation Department, and 1 representative from USOC.

11/18/82h

USOC-00016

5. **"Park & Recreation Advisory Board" or "Park Board"** - shall mean the Board acting under the authority of Chapter 18, Article 1, Part 2 (Sections 18-1-201 to 18-1-203) of the Code of the City of Colorado Springs 1980, as amended.

6. **"Lease and Joint Use Agreement"** - shall mean that permission as defined in Article 12, Section 63.B of the Charter of the City of Colorado Springs.

7. **"Velodrome Area" or "Velodrome"** - shall mean the parcel of land, facilities and capital improvements which are the subject of this Lease and Joint Use Agreement, generally identified by location in Exhibit 1 hereto, and to be specifically described in Exhibit 2, the legal description.

## ARTICLE II

### GENERAL PROVISIONS

1. **Term of Agreement.** The term of this Lease and Joint Use Agreement shall be for a period of twenty-five (25) years and shall begin on ___November 18___, 1982, and will run to ___November 18___, 2007.

2. **Renewal.** While City and USOC acknowledge that Article XII, Section 68, of the Charter of the City of Colorado Springs, prohibits the City from entering into Leases or Joint Use Agreements for periods longer than 25 years, City and USOC hereby set forth their intention to renew the term of this Lease and Joint Use Agreement upon its expiration so long as the demised premises are used by the USOC as set forth in Article II, Sec.3 of this Lease and Joint Use Agreement.

-3-                                                      11/18/82h

USOC-00017

3.   **Use of Demised Premises.**  USOC agrees to use the demised premises as a facility for the purposes of training, and holding competitive events of amateur athletes, as well as for the use of members of the community, and for administrative, recreational and related activities associated therewith.  City and USOC acknowledge that USOC's active use of the demised premises contributes substantial social and economic benefit to the City of Colorado Springs, and USOC acknowledges that a condition of the City entering into this Lease and Joint Use Agreement with the USOC is that USOC will use and continue to use the demised premises for the purposes which were stated above in this paragraph, during the entire term of the Lease and Joint Use Agreement.

4.   **Charter Provisions.**  Pursuant to the Charter of the City of Colorado Springs, and specifically Article 12, Section 63.B, a license is defined as "a temporary revocable permission granted to all other activities not a franchise."  Furthermore, USOC understands that pursuant to the City Charter, Article 12, Section 72, License for Temporary Permits, "The Council may grant a temporary permit, a license or an easement at any time, in, on, above, through or under any street, alley or public place, provided such license, temporary permit or easement shall be revocable at any time, and that such right to revoke shall be expressly reserved and every temporary permit, license or easement which may be granted thereunder."  USOC also understands and agrees that, pursuant to the City Charter, Article 12, Section 68, "No franchise, lease or other right to use the property of the City shall be granted by the City, except as in the Charter provided, for a longer period than twenty-five (25) years."

-4-                         11/18/82h

USOC-00018

5.   Insurance.   USOC, and the City during the period of the Lease and Joint Use Agreement, agrees to provide the following insurance coverage:  To provide personal injury liability insurance coverage of not less than $300,000 each person, $300,000 each accident; property damage liability insurance coverage of not less than $50,000 each accident, $100,000 aggregate.  A copy of the insurance policy, or certificate of insurance evidencing the same, shall be filed with the City Clerk-Treasurer of the City of Colorado Springs and shall be kept current at all times.  The USOC shall be a named insured on the City's policy.  The policy or certificate of insurance, or endorsement thereto of the USOC, shall expressly state that the City Clerk-Treasurer of the City of Colorado Springs, Colorado, must be given ten (10) days' advance notice of the cancellation or termination of the insurance coverage, as applicable.

6.   Approval of City Council.   It is understood and agreed by USOC that the terms, conditions and provisions of this Lease and Joint Use Agreement are expressly subject to the approval of the City Council of the City of Colorado Springs, which approval shall be evidenced by the signatures of the Mayor and the City Clerk on this document.

7.   Dispute Termination.   It is understood and agreed between the City and the USOC that the terms, conditions and provisions of this Lease and Joint Use Agreement shall be liberally construed in order to promote a harmonious relationship with regard to the construction, maintenance and operation of the Velodrome at Memorial Park.  However, in the event that there is an irreconcilable dispute between the parties with regard to an interpretation of the terms, conditions and provisions

-5-                              11/18/82h

USOC-00019

of this Agreement, the decision of the Director of the Colorado Springs Park & Recreation Department, or his designated representative, on that interpretation shall be final, unless appealed to the Velodrome Advisory Committee. The decision of the Director of Park & Recreation or his designated representative shall be in writing, and an appeal to the Velodrome Advisory Committee must be made within ten (10) days of receipt of the written decision by the Director.

In the event of appeal, the matter shall be brought to the Velodrome Advisory Committee at their next regular meeting, or if time constraints dictate a sooner resolution, then as soon as possible. At the meeting, the Velodrome Advisory Committee shall consider the viewpoints of both parties to the Agreement and shall make a recommendation based upon the facts presented to them and any legal or budgetary considerations, as applicable. The Velodrome Advisory Committee may reverse, affirm or modify the Director's final decision. If either the Director or the USOC designated representative is dissatisfied with the decision of the Velodrome Advisory Committee, then that decision may be appealed in writing within ten (10) days of the date of the written decision of the Committee to the Mayor of the City and the Executive Director of the USOC. The Mayor and Executive Director shall meet as soon as reasonably possible, and considering all of the evidence before them, and in keeping in mind the philosophy of the parties to harmoniously construe and interpret the terms, conditions and provisions of this Lease and Joint Use Agreement, shall make a final decision on the matter. If the Mayor and Executive Director cannot resolve the dispute,

11/18/82h

USOC-00020

both parties agree to apply to the District Court for mediation counseling to assist the parties in resolving the dispute.

8.  Noncompliance.  In the event of noncompliance of any of the terms, conditions or provisions of this Agreement, either party shall have the right to terminate the Lease and Joint Use Agreement, and to take such steps as are necessary to protect their legal interests, subject to the provisions of this Agreement.

Provided, however, that either party shall give the other specific notice of the alleged breach and provide the other with thirty (30) days to cure such breach.  If the breach is not cured at that time, the aggrieved party may terminate this Lease and Joint Use Agreement at that time.

### ARTICLE III

### LEASE PROVISIONS

1.  Premises to Be Leased.  The premises to be leased to the USOC by the City is that parcel of ground located in Memorial Park, Colorado Springs, Colorado, which is more particularly described by a sketch in Exhibit 1 and by legal description in Exhibit 2, which are incorporated by reference herein.

2.  Construction of Velodrome Facilities.  The USOC agrees to use its best efforts to secure funds sufficient to erect a Velodrome, which will be a permanent structure, upon the demised premises containing approximately 100,000 square feet of usable space during the term of this Lease and Joint Use Agreement.  Further, USOC shall actively solicit funds necessary for construction of said Velodrome which is

11/18/82h

USOC-00021

estimated to cost at approximately $750,000 upon execution of this Lease and Joint Use Agreement.  USOC also sets forth herein its intent to construct additional capital improvements on a phased basis over the term of this Lease and Joint Use Agreement to provide such things as additional spectator seating, permanent locker room restroom and concessionaire facilities, and if necessary, a lighting system.  The failure of the USOC to build the Velodrome track shall subject the USOC to default under the provisions of this Lease and Joint Use Agreement, but the failure of the USOC to provide phased improvements over the life of the Agreement shall not subject the USOC to default under any provisions of this Lease and Joint Use Agreement.

3.   Assignment or Subletting.  It is agreed that neither the demised premises nor any part thereof shall be sublet, nor shall this Lease and Joint Use Agreement be assigned by the USOC to any third part without the prior written consent of the City first obtained.  No assignment for the benefit of creditors, or by operation of law, shall be effective to transfer any rights to an assignee without the prior written consent of the City first having been obtained.  For purposes of this Section, the national governing bodies and the sponsoring corporation, in using the facilities, shall not be considered as an assignee or sublessee.

4.   Mechanic's Liens.  USOC agrees that it will properly pay for any work done in or about the demised premises, and will not suffer from any mechanic's liens or other liens to attach to the demised premises, and shall properly cause any claim for any such lien to be released, or to secure the City to its satisfaction in the event USOC desires to

-8-                                    11/18/82h

contest any such claim.  If USOC does desire to contest any such claim, USOC agrees to defend City and to pay all reasonable costs incurred along with attorneys' fees and judgments, if applicable.

5.   Fire or Other Casualty.   It is agreed that during the term of this Lease and Joint Use Agreement any part of the demised premises shall be so damaged by fire or other casualty so that part or all of the demised premises shall thereby be rendered untenable, the word untenable being defined as damage in excess of fifty percent (50%) of the value of any structure, then in such case this Lease and Joint Use Agreement, as it applies to the building or structure which has been rendered untenable, shall be terminated.  City shall have no obligation to repair or replace the structure or buildings rendered untenable by fire or other casualty.  In the event that insurance proceeds are available for the reconstruction or rehabilitation of the untenable structure or building, USOC agrees to use those proceeds in a prompt manner to reconstruct or rehabilitate the untenable building or structure, as applicable.  If insurance proceeds are not available, or if the proceeds are such that reconstruction or rehabilitation are economically unfeasible, then the City may terminate this Lease and Joint Use Agreement, unless the facilities are still usable by the USOC for their intended purpose.

6.   Maintenance, Repair, Alterations, Demolition, Salvage and Erection of Structures.

6.1  USOC agrees to keep in good repair and to maintain all buildings, structures and track located upon the demised premises, including the maintenance of the structural soundness of the buildings, structures and track, and to keep both the interior and exterior of the same on the demised premises in good repair, including by way of

-9-                                        11/18/82h

USOC-00023

illustration, the roof, plumbing, electrical wiring, air conditioning and heating equipment, interior decorating, plantings, (open question) track surface, etc., and to be responsible for all glass and casualty damage.

6.2  USOC shall make no change, alteration or addition to any building or structure located upon the demised premises which would impair the structural soundness or diminish or increase the size thereof, or modify the exterior thereof, without the prior written consent of City.  All cost of such work shall be paid promptly by USOC so as to prevent the assertion of any liens for material or labor, as the case may be.

6.3  There shall be no demolition of any building or structure located upon the demised premises without the prior written approval of the City.  Demolition of any buildings or structures by USOC shall be at the sole expense of USOC except as otherwise approved in writing by City.

6.4  USOC agrees to take the demised premises, including any buildings or structures thereon, in their present condition.  All alterations, additions, erections or improvements upon the demised premises to make it suitable for USOC's purposes shall be solely at the expense of tenant, unless otherwise agreed in writing by City or as otherwise provided in this Lease and Joint Use Agreement.

6.5  All alterations, additions, erections or improvements on or in the demised premises at the expiration of this Lease, shall, at the option of City, be and become a part of the demised premises, and shall, at the option of City, remain upon and be surrendered with the

-10-

USOC-00024

demised premises as a part thereof at the termination of this Lease and Joint Use Agreement.  Should USOC fail to remove any furniture or fixtures of personal property of any kind, then the same shall be considered as abandoned and become the property of City.

6.6  USOC may erect buildings and other structures upon the demised premises, provided, that USOC notifies the City the type and location of any proposed structure prior to the date of erection thereof, and provided further, that conceptual approval of said buildings and structures or other improvements to the demised premises shall be first obtained through the Park & Recreation Advisory Board and City Council of the City of Colorado Springs.

## ARTICLE IV

### COVENANTS BY USOC

1.  The USOC agrees and covenants as follows:

1.1  Not to use the demised premises for any purposes now or hereafter prohibited by the laws and Constitutions of the United States and the State of Colorado or applicable ordinances of the City of Colorado Springs, or for any improper or questionable purpose whatsoever.

1.2  To keep the demised premises, subject to allocation of use of the facilities between USOC and City, in a clean and sanitary condition as required by law and applicable health and police regulations.

1.3  Not to permit or suffer any disorderly conduct, unreasonable noise or nuisance whatsoever upon the demised premises, while the USOC is using the facilities.

-11-                    11/18/82h

USOC-00025

1.4  Not to hold or attempt to hold City liable for any injury or damage, either proximate or remote, occurring through or caused by fire, water or any repairs or alterations to the demised premises or otherwise; or liable for any injury or damage occasioned by defective wiring or breakage or stoppage of plumbing or sewage upon the demised premises, whether said breakage or stoppage results from freezing or otherwise, unless through the fault of the City, or except as otherwise provided in this Lease and Joint Use Agreement.

1.5  Not to permit or suffer the buildings or structures located upon the demised premises, or the walls or floors thereof, to be endangered by overloading.

1.6  Not to permit the demised premises to be used for any purpose which would render insurance thereon void or the insurance risk more hazardous.

1.7  To permit City at any hour of the day or night, to enter into or upon, and go through and view and inspect, the demised premises.

1.8  To be responsible for and promptly pay all charges for gas, electricity, water, sewer or any other utility used or consumed on the demised premises, including all exterior lighting of buildings, streets or parking areas, in an amount which is proportionately allocated based upon the percentage of use of facilities as between USOC and the City.

1.9  To install no electrical equipment which overloads the lines or interferes with electronic or radio or TV installations in the nearby area and if said lines are overloaded by such installation, or if such interference occurs, to immediately remedy the same at USOC's expense,

11/18/82h

USOC-00026

and to comply with all requirements of the Insurance Underwriters or governmental authorities.

1.10   USOC shall be responsible for obtaining all necessary State, local and national permits or licenses which are required to construct, maintain or operate any building or structure upon the demised premises.

## ARTICLE V

### COVENANTS OF THE CITY

1.   The City agrees and covenants as follows:

1.1   City will take no acts, subject to the terms, conditions or provisions of this Lease and Joint Use Agreement, which would interfere with or destroy USOC's right to quiet and peaceful possession and enjoyment of the demised premises.

1.2   City agrees to pay its allocated share of all utility costs, as stated above, in Article IV, Sec. 8.

1.3   City agrees to be responsible for all maintenance and operational cost which are required to maintain the grounds of the leased premises in a satisfactory, reasonable and safe condition, including such items as landscaping control, removal of snow and ice, parking lot control, and the like, but not including the fenced Velodrome facilities.

## ARTICLE VI

### MUTUAL COVENANTS

1.   City and USOC mutually agree to cooperate and work together with regard to the use of the demised premises and to attempt to

-13-                                          11/18/82h

harmoniously interpret this Agreement so as to provide a long-lasting and mutually agreeable use of the demised premises.

### ARTICLE VII

#### JOINT USE PROVISIONS

1. <u>Priority</u>. The City and USOC understand and agree that USOC shall have first priority for the use of the demised premises throughout the term of the Lease and Joint Use Agreement. In order to harmoniously prioritize the use of the facilities between the USOC and the public, the Executive Director or his designate, and the Director of Parks & Recreation or his designate, shall meet on a monthly basis to prioritize schedules for the ensuing quarter, subject to the appeal process in Article II, Sec. 8. When the priority schedule has been completed, both parties shall make every effort to adhere thereto, but taking into account the fact that there may be unseen circumstances which may require amendments thereto during the period. These amendments shall be made with an attempt to equitably retain the original prioritization as much as possible.

2. <u>Maintenance Responsibilities</u>. As was stated in Article III, Sec. 6, USOC shall have primary responsibility for the physical mainten-ance and operation of the Velodrome facilities and its attendant buildings and structures within fenced areas. City shall have primary responsibility for maintenance and operation of the Velodrome grounds which includes those areas which are not included in the preceding sentence. This allocation of responsibility of maintenance is a reflection of the fact that the City Park & Recreation Department can

11/18/82h

USOC-00028

more adequately handle the grounds of the demised premises than the USOC can, and conversely, the USOC can handle the actual Velodrome facilities and structures and buildings more adequately than the City can.

3.  Velodrome Advisory Committee.  The Velodrome Advisory Committee, as defined in Article I, Sec. 4 above, shall meet on an annual basis, and more regularly if desired by the Director of Park & Recreation or the Executive Director of USOC, as applicable.  The member from the City shall be the Director of Parks & Recreation, or his designee, subject to the approval of the Parks and Recreation Advisory Board and City Council, and the member from the USOC shall be the Executive Director, or his designee, subject to its Board of Trustees' approval.

At its annual meeting, the Committee shall review the priori- tized schedule which is set forth in Article VII, Sec. 1 above, and shall make comments and recommendations thereto.  If the comments or recommendations of the Committee are not implemented by the Director of Parks & Recreation or the designated representative of the Executive Director of the USOC, then the Committee may request that the matter be referred to the Executive Director of the USOC and the Mayor of the City for final determination.

A quorum of the Committee shall be 2 members present, but no matter voted upon by the Committee shall be construed to be a vote in favor of a motion unless a majority of the members of the Committee votes in favor of the motion.

The meetings of the Committee are not required to be recorded in a verbatim manner.  The minutes shall be taken by the Secretary of

-15-                                11/18/82h

USOC-00029

the Committee.  The Secretary of the Committee shall be that person appointed to that position by the Committee in its initial meeting.

All rules and regulations regarding the use of the Velodrome facilities shall be reviewed and approved by the Committee.  As stated above, any appeals from the approval or rejection of the rules and regulations by the Committee shall be directed to the Mayor of the City and the Executive Director of the USOC for final dispute resolution as set forth in Art. II, §8 of this Lease and Joint Use Agreement.

### ARTICLE VIII
### MISCELLANEOUS

1.  <u>OPERATION OF VELODROME FACILITIES.</u>

USOC understands and agrees that it has primary responsibility for supervision of the operation of the Velodrome facility by amateur athletes, and sanctioned events.  However, the City Director of Park & Recreation will make every effort to coordinate and cooperate with the USOC in the operation of these various events and activities, as the case may be, and will provide supervision and control of events open to the general public.

2.  <u>MAINTENANCE COSTS.</u>

Except as set forth in this Lease and Joint Use Agreement, all maintenance costs which are required to maintain the demised premises in a safe, reasonable and efficient manner, shall be allocated in relation to the pro rata use of the facilities or as provided otherwise in this

11/18/82h

USOC-00030

Lease and Joint Use Agreement at the expense of the USOC. In the event that insufficient funds are appropriated to properly maintain the facilities which are the responsibility of USOC, then the City, at its option, may appropriate funds for such purposes subject to reimbursement by the USOC at a later date.  Otherwise, all maintenance activities shall be shared in relation to the primary responsibility as between the USOC and the City to the grounds, structures, facility and track of the Velodrome.

3.   PROGRESS COMPLIANCE.

USOC and the City each agree to require their designated representatives to meet as agreed upon by both parties, and to review the progress compliance under this Agreement.  Each party shall also be responsible for supervising its own personnel and shall handle all matters of mutual concern through their designated representatives.

4.   INDEMNIFICATION.

Each party of this Lease and Joint Use Agreement agrees to indemnify and hold the other harmless from any and all liabilities, claims and causes of actions, and suits arising out of the personal injury or property damage to any person or persons due to the intentional or negligent omissions or acts of each other's agents, servants or employees arising out of the construction, operation or maintenance of this Agreement, subject to its provisions, terms and conditions as set forth herein.

11/18/82h

USOC-00031

ARTICLE IX

LEASE AND JOINT USE AGREEMENT INTERPRETATION

1.   Applicable law.   This Lease and Joint Use Agreement shall be interpreted and construed in accordance with the laws of the State of Colorado.

2.   Amendment.   No amendment or modification of this Lease and Joint Use Agreement shall be valid unless expressed in writing and executed by the parties hereto in the same manner as the execution of this Agreement.

3.   Integration.   This is a completely integrated Lease and Joint Use Agreement and contains the entire Agreement between the parties, and any prior written or oral agreements which are different from the terms, conditions and provisions of this Lease and Joint Use Agreement shall be of no effect and shall not be binding upon either party.

4.   Binding Effect.   This Lease and Joint Use Agreement and the provisions hereof shall be binding upon and shall inure to the benefit of the parties and their respective successors; provided, neither party may assign or sublet its rights hereunder without the previous written consent of the other party.

5.   Notice.   Notices required or permitted to be given hereunder (including any notice or change of address) shall be considered delivered when hand delivered or mailed, by certified mail, return receipt requested, as follows:

-18-                                    11/18/82h

USOC-00032

United States Olympic Committee
c/o Executive Director
1750 E. Boulder Street
Colorado Springs, Colorado 80909

    with copies to:

General Counsel
United States Olympic Committee
1750 E. Boulder Street
Colorado Springs, Colorado 80909

City of Colorado Springs
c/o Director of Park & Recreation
1400 Glen Avenue
Colorado Springs, Colorado 80905

    with copies to:

City Attorney
P.O. Box 1575
Colorado Springs, Colorado  80901

All notices so given shall be considered effective when delivered by hand delivery or in writing, as stated above.

6.  <u>Counterpart Execution.</u>  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original hereof and all of which together shall constitute a single Agreement.

—19—                11/18/82h

USOC-00033

IN WITNESS WHEREOF, the parties hereto have executed this Agreement the day and year first written above.

CITY OF COLORADO SPRINGS

BY: _____
                              Mayor

ATTEST:

_____
City Clerk-Treasurer

APPROVED AS TO FORM:

_____
City Attorney

UNITED STATES OLYMPIC COMMITTEE

BY: _____
                    Executive Director

ATTEST:

_____
Secretary

APPROVED AS TO FORM:

_____
General Counsel, USOC

-20-

11/18/82h

USOC-00034

COPY

Resolution No. 164-82

A RESOLUTION AUTHORIZING THE PROPER CITY
OFFICIALS TO EXECUTE A LEASE AND CONTRACT
WITH THE UNITED STATES OLYMPIC COMMITTEE
FOR THE VELODROME PROJECT

BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF COLORADO

SPRINGS:

That the proper City officials are hereby authorized to execute a

Lease and Contract with the United States Olympic Committee for the

Velodrome Project.

Dated at Colorado Springs, Colorado, this 22nd day of June ,

1982.

_____
Mayor

ATTEST:

_____
City Clerk

Extra Item No. 3

1                              6/22/82

USOC-00035