IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ELIANE LEVY, and those she represents,

    Plaintiff,

Case No. 11-CV-00978-WYD-KLM

v.

CLAYTON DOWNEY WORTHINGTON,
PROGRESSIVE OVERLOAD, LLC,
MARK TYSON, GORDON KACALA,
RITA KACALA, COLORADO VELODROME
ASSOCIATION, INC., USA CYCLING, INC.,
and UNITED STATES OLYMPIC COMMITTEE,

    Defendants.

---

## DEFENDANTS MARK TYSON AND COLORADO VELODROME ASSOCIATION, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM FOR INDEMNIFICATION

---

Comes now Defendants Colorado Velodrome Association, Inc. (hereinafter "CVA") and Mark Tyson (hereinafter "Tyson") by and through their attorneys Sparks Willson Borges Brandt and Johnson, P.C. (Gregory V. Pelton) and for their answer to the First Amended Complaint state and allege as follows:

### General Allegations

1.     These Defendants have insufficient information to form a belief as to the truthfulness of the allegations contained in Paragraphs 1, 8, 10, 15, 19, 20, 22, 23, 24, 25, and 26 and therefore deny the same and demand strict proof thereof.

EXHIBIT 6

2. These Defendants admit the allegations contained in Paragraphs 2, 11, 13, and 17.

3. These Defendants deny the allegations contained in Paragraphs 28 and 30 and demand strict proof thereof.

4. As to the allegations contained in Paragraph 3, it is admitted the USOC is head quartered and has its principal place of business in Colorado Springs, Colorado, and that it is the coordinating body for all Olympic related activity in the United States. These Defendants have insufficient information to form a belief as to the remaining allegations and therefore deny the same.

5. These Defendants assert the allegations contained in Paragraph 4 state legal conclusions for which no response is required. It is denied USOC owns the 7/11 United States Olympic Training Center Velodrome, but these defendants admit the facilities are located in Colorado Springs, Colorado and that the USOC has some involvement with the operation of the facility.

6. As to the allegations contained in Paragraph 5, it is admitted USA Cycling, Inc. is a Colorado corporation with its principal office and place of business at 210 USA Cycling Point in Colorado Springs. It is further admitted USA Cycling receives significant funding from USOC. These Defendants have no information as to the corporation identification number for the corporation's registered agent. These Defendants deny USA Cycling "operates" the velodrome in Colorado Springs under a delegation of authority from USOC. These Defendants assert the remaining allegations contain legal conclusions for which no response is required.

7. As to the allegations contained in Paragraph 6, these Defendants admit the first four sentences but deny USA Cycling is a voting member of CVA. These Defendants admit

2

CVA participates in the operation of the velodrome but deny it is under the aegis of and with the consent and approval of USA Cycling. These Defendants assert the final two sentences of Paragraph 6 contain legal conclusions for which no response is required.

8. As to the allegations contained in Paragraph 7, the residency of Worthington is denied. These Defendants have insufficient information to form a belief as to the remaining allegations contained in Paragraph 7 and therefore deny the same.

9. As to the allegations contained in Paragraph 9, it is admitted Tyson is a resident of El Paso County, Colorado and he has extensive experience with cycling events. It is denied he was acting as an officer, agent, employee or contractor of CVA at the time in question or that he supervised and controlled activities taking place at the velodrome on June 19, 2010, on behalf of CVA and/or USOC for USA Cycling.

10. As to the allegations contained in Paragraph 12, it is denied the facility in question is a public facility for competitive cycling. It is admitted the velodrome is open and available for use by all members of the public who meet "it's" entry requirements.

11. As to the allegations contained in Paragraph 14, it is admitted the deceased could only ride at the velodrome if he were a dues paying and licensed member of USA Cycling. It is admitted USA Cycling, USOC, and CVA exclude all who have not paid dues to USA Cycling and who are not licensed members of USA Cycling from riding at and using the Velodrome. It is denied Tyson excludes all who have not paid dues to USA Cycling from riding at the velodrome. It is further denied Emile Levy was an invitee. These Defendants affirmatively contend Emile Levy was a licensee. It is further denied that the public is requested, expected or intended to enter or remain on the velodrome riding surface.

12. As the allegations contained in Paragraph 16, it is denied defendant Tyson was involved in getting permission or consent to the Kacala Defendants as he was simply working in a volunteer capacity at the time.

13. As to the allegations contained in Paragraph 18, it is admitted Emile Levy was at the velodrome on the morning of June 19, 2010, practicing. These Defendants have insufficient information to form a belief as to what Emile Levy was doing at the velodrome on the afternoon of the accident.

14. As to the allegations contained in Paragraph 21, these Defendants have insufficient information to know whether Emile Levy was on a timing run at the time of the accident. It is denied he suffered non-survivable injuries as a result of the accident.

15. As to the allegations contained in Paragraph 27, these Defendants admit CVA had actual knowledge of one prior collision at the velodrome in question between a cyclist practicing speed runs and a cyclist practicing standing starts. These Defendants deny timing runs and standing starts are mutually incompatible or that they present an inherent and unreasonable risk of danger to participants.

16. As to the allegations contained in Paragraph 29 regarding Tyson's knowledge of prior collisions between a cyclist practicing speed runs and a cyclist practicing standing starts, Defendant Tyson affirmatively states he was only aware of one prior such accident. These Defendants deny the remaining allegations regarding timing runs and standing starts being mutually incompatible or presenting an inherent and unreasonable risk of danger to participants.

## Count I
## Negligence Resulting in Death

17. Since the allegations contained in Count I do not appear to assert any claim against CVA or Tyson, they take no position as to the truthfulness of the allegations contained therein. To the extent it may be construed to assert some claim against these Defendants, they deny the allegations and demand strict proof thereof.

## Count II
## Negligent Supervision Resulting in Death

18. As to the allegations contained in Paragraph 39, these Defendants incorporate their previous responses.

19. These Defendants deny the allegations contained in Paragraphs 40, 41, 42 and 43 and demand strict proof thereof.

## Count III
## Negligent Operation of Velodrome Resulting in Death

20. As to the allegations contained in Paragraph 44, these Defendants incorporate their previous responses.

21. These Defendants deny the allegations contained in Paragraphs 45, 46, 47, 48, 49, 50 and 51 and demand strict proof thereof.

## Affirmative Defenses

The claims asserted against these Defendants fail to state a claim upon which relief can be granted.

The claims asserted by Plaintiff were solely as a result of the negligence of Emile Levy which would bar any recovery.

Emile Levy's negligence in causing the accident equals or exceeds the negligence of any of the Defendants and therefore bars any recovery by Plaintiff.

The fault/negligence of all parties and nonparties should be compared and liability apportioned accordingly.

Emile Levy voluntarily assumed the risk of injury and therefore is barred from recovery.

Plaintiff's claims are barred by the provisions of the Colorado Comparative Negligence Act as they were caused by Emile Levy's intentional misconduct.

All claims asserted by the Plaintiff have been released and waived as a result of Emile Levy's execution of various waivers and releases in favor of these Defendants.

These Defendants are entitled to the protection provided under the Colorado Premises Liability Act.

Defendant Tyson is entitled to the protection afforded under C.R.S. 13-21-116 (2) (a) as he was acting in a voluntary capacity, without compensation or expectation of compensation and acted in good faith at all times pertinent hereto.

Plaintiff's damages are limited by the provisions of C.R.S. 13-21-102.5.

CVA was a nonprofit organization as that term is defined in 42 USC 14505. Defendant Tyson was a "volunteer" as that term is defined in 42 USC 14505. Defendant Tyson is entitled to protection afforded under the Volunteer Protection Act of 1997 as set forth in 42 USC 14501, et seq. as he was acting within the scope of his volunteer responsibilities at the time in question. He further asserts the alleged harm was not caused by willful criminal misconduct, gross negligence, reckless conduct or a conscious flagrant indifference to the rights or safety of Emile Levy.

Defendant Tyson further asserts he is only responsible for non-economic damages as set forth in 42 USC 14504.

Plaintiff's claims should be reduced as a result of the Collateral Source Rule set forth in C.R.S. 13-21-111.6.

Plaintiff's claims are exclusively govern and limited by the provisions of C.R.S. 12-47-801.

These Defendants assert Plaintiff may not have mitigated her damages.

Wherefore, these Defendants having fully answered the allegations of the First Amended Complaint pray all claims against them be dismissed with prejudice, they recover their costs and attorney's fees and such other and further relief as the Court deems just and proper.

### Counter Claim for Indemnification

Comes now Defendant/Counterclaimant Colorado Velodrome Association, Inc. (hereinafter "CVA") by and through its attorneys Sparks Willson Borges Brandt and Johnson, P.C. (Gregory V. Pelton) and for its counterclaim asserts as follows:

1. CVA is a Colorado Corporation and is a Defendant in this action.

2. Eliane Levy is a New Mexico resident who has subjected herself to this Court's jurisdiction as a result of filing this lawsuit.

3. Eliane Levy is the surviving widow and "successor" of Emile Levy.

4. This counterclaim arises out of the same facts as in Plaintiff's Complaint so as to give this Court jurisdiction over the parties and subject matter.

5. This is a compulsory counterclaim pursuant to Rule 13(a)(1) of the Federal Rules of Civil Procedure.

7

6. CVA meets the definition of a "club" or "affiliate" as those terms are used in the 2010 USA Cycling Competitive and Noncompetitive Event Release Form (hereafter "Release") attached as Exhibit A hereto.

7. CVA meets the definition of "promoting organizations" and "property owners" as those terms are used in the Release attached as Exhibit A hereto.

8. The Release was signed by Emile Levy on May 8, 2010.

9. Pursuant to the Release, CVA is entitled to be held harmless and indemnified by the Estate of Emile Levy and its successors including the Plaintiff/Counter-Defendant for the claims being asserted herein.

10. Pursuant to the Release, the Estate of Emile Levy and its successor Eliane Levy are liable for the expenses, including legal fees, incurred by CVA and Tyson in defending the Plaintiff's claims.

11. The claims against these Defendants are fruitless, groundless and lack substantial justification. Accordingly, these Defendants are entitled to an award of attorney's fees pursuant to C.R.S. 13-17-102 and 103.

Wherefore, CVA prays that it be awarded judgment against Plaintiff for any judgment entered against it or Mark Tyson, for all attorney's fees and expenses incurred in defending claims asserted by the Plaintiff and for such other and further relief as the Court deems just and proper.

**DEFENDANTS REQUEST A TRIAL TO A JURY OF SIX (6) OF ALL ISSUES**

Dated: June 21, 2011

Respectfully submitted,

/s/ Gregory V. Pelton
Gregory V. Pelton
24 South Weber, Suite 400
Colorado Springs, CO 80903
Phone: (719) 634-5700
Fax: (719) 633-8477
E-Mail: gvp@sparkswillson.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Pierre Levy
O'Friel and Levy, P.C.
Pierre Levy, Esq.
P.O. Box 2084
Santa Fe, NM 87504-2084
Email: pierre@ofrielandlevy.com
*Attorney for Plaintiff*

Lee Rosenbaum
Law Firm of Lee K. Rosenbaum, P.C.
1902 West Colorado Avenue, Suite 110
Colorado Springs, CO 80904
Email: rosenbaumpc@pcisys.net
*Attorney for Plaintiff*

Michael Daugherty
David J. Nowak
White & Steele, P.C.
600 17th Street, Suite 600N
Denver, CO 80202
Email: mdaugherty@wsteele.com
       dnowak@wsteele.com
*Attorneys for USA Cycling, Inc.*

Kevin J. Kuhn
Andrew M. Unthank
Wheeler Trigg O'Donnell, LLP
1801 California Street, Suite 3600
Denver, CO  80202-2617
Email: Kuhn@wtotrial.com
       unthank@wtotrial.com
*Attorneys for United States Olympic Committee*

Jamey W. Jamison
Harris, Karstaedt, Jamison & Powers, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, CO  80112
Email: jjamison@hkjp.com
*Attorney for Gordon and Rita Kacala*

                                       /s/ Gregory V. Pelton
Gregory V. Pelton
24 South Weber, Suite 400
Colorado Springs, CO  80903
Phone: (719) 634-5700
Fax: (719) 633-8477
E-Mail: gvp@sparkswillson.com

# 2010 USA Cycling Competitive and Non-Competitive Event Release Form

The following event release form has been approved by USA Cycling, Inc. If reproduced, it must be in a minimum of 10 point type and retain the exact same formatting.

**PLEASE COMPLETE THE FOLLOWING INFORMATION**

TODAY'S DATE **MAY 8 2010**
EVENT NAME **2010 CVA Training**
EVENT DATE(S)
RACE(S)/ACTIVITY(IES) ENTERED
CLUB/TEAM NAME **TAOS CYCLE CLUB**
ANNUAL LICENSE # **(201) 2149433**
RACING AGE (as of December 31, 2010) **75**
NAME **EMILE M LEVY**
ADDRESS **PO Box 2773**
CITY **TAOS** ST **NM** ZIP **87571**
PHONE **1-575-752-3[...]**
EMERGENCY CONTACT **ELIANE**
EMERGENCY CONTACT PHONE **770 818[...]**

I ACKNOWLEDGE THAT BY SIGNING THIS DOCUMENT, I AM ASSUMING RISKS, AND AGREEING TO INDEMNIFY, NOT TO SUE AND RELEASE FROM LIABILITY THE ORGANIZER OF THIS EVENT AND USA CYCLING, INC. (USAC), ITS ASSOCIATIONS (THE UNITED STATES CYCLING FEDERATION (USCF), NATIONAL OFF ROAD BICYCLE ASSOCIATION (NORBA), NATIONAL COLLEGIATE RACING ASSOCIATION (NCCA), U.S. PROFESSIONAL RACING ASSOCIATION (USPRO) AND BMX ASSOCIATION (BMXA)) AND USA CYCLING DEVELOPMENT FOUNDATION (USACDF), AND THEIR RESPECTIVE AGENTS, EMPLOYEES, VOLUNTEERS, MEMBERS, CLUBS, SPONSORS, PROMOTERS AND AFFILIATES (COLLECTIVELY "RELEASEES"), AND THAT I AM GIVING UP SUBSTANTIAL LEGAL RIGHTS. THIS RELEASE IS A CONTRACT WITH LEGAL AND BINDING CONSEQUENCES AND IT APPLIES TO ALL RACES AND ACTIVITIES ENTERED AT THE EVENT, REGARDLESS WHETHER OR NOT LISTED ABOVE. I HAVE READ IT CAREFULLY BEFORE SIGNING, AND I UNDERSTAND WHAT IT MEANS AND WHAT I AM AGREEING TO BY SIGNING.

In consideration of the issuance of a license to me by one or more Releasees or the acceptance of my application for entry in the above event, I hereby freely agree to and make the following contractual representations and agreements. **I ACKNOWLEDGE THAT CYCLING IS AN INHERENTLY DANGEROUS SPORT AND FULLY REALIZE THE DANGERS OF PARTICIPATING IN THIS EVENT**, whether as a rider, official, coach, mechanic, volunteer, or otherwise, and **FULLY ASSUME THE RISKS ASSOCIATED WITH SUCH PARTICIPATION INCLUDING**, by way of example, and not limitation: dangers associated with man made and natural jumps; the dangers of collision with pedestrians, vehicles, other riders, and fixed or moving objects; the dangers arising from surface hazards, including pot holes, equipment failure, inadequate safety equipment, use of equipment or materials provided by the event organizer and others, **THE RELEASEES' OWN NEGLIGENCE**, the negligence of others and weather conditions; and the possibility of serious physical and/or mental trauma or injury, or death associated with the event. For myself, my heirs, executors, administrators, legal representatives, assignees, and successors in interest (collectively "Successors") **I HEREBY WAIVE, RELEASE, DISCHARGE, HOLD HARMLESS, AND PROMISE TO INDEMNIFY AND NOT TO SUE** the Releasees and all sponsors, organizers and promoting organizations, property owners, law enforcement agencies, public entities, special districts and properties that are in any manner connected with this event, and their respective agents, officials, and employees through or by which the event will be held, (the foregoing are also collectively deemed to be Releasees), **FROM ANY AND ALL RIGHTS AND CLAIMS INCLUDING CLAIMS ARISING FROM THE RELEASEES' OWN NEGLIGENCE TO THE MAXIMUM EXTENT PERMITTED BY LAW**, which I have or which may hereafter accrue to me and from any and all damages which may be sustained by me directly or indirectly in connection with, or arising out of, my participation in or association with the event, or travel to or return from the event. I agree it is my sole responsibility to be familiar with the event course and agenda, the Releasees' rules, and any special regulations for the event and agree to comply with all such rules and regulations. I understand and agree that situations may arise during the event which may be beyond the control of the Releasees, and I must continually ride and otherwise participate so as to neither endanger myself nor others. I accept responsibility for the condition and adequacy of my equipment, any equipment provided for my use, and my conduct in connection with this event. I will wear a helmet which satisfies the requirements of the Releasees' Racing Rules or Regulations and that can protect against serious head injury, and I assume all responsibility and liability for the selection of such a helmet. I have no physical or medical condition which would endanger myself or others if I participate in this event, or would interfere with my ability to safely participate in this event. I understand that drug testing may be conducted for athletes registered for this event and that the use of blood boosting or substances prohibited by Releasees' rules would make me subject to penalties including, but not limited to, disqualification and suspension. I agree to be subject to drug testing if selected, and its penalties if I fail to comply with the testing or am found positive for the use of a banned substance.

I agree, for myself and my Successors, that the above representations are contractually binding, and are not mere recitals, and that should I or my Successors assert a claim contrary to what I have agreed to in this contract, the claiming party shall be liable for the expenses (including legal fees) incurred by the Releasees in defending the claims. This contract may not be modified orally, and a waiver or modification of any provision shall not be construed as a waiver or modification of any other provision herein or as a consent to any subsequent waiver or modification. I consent to the release by any third party to Releasees and their insurance carriers of my name and medical information that may relate solely to any injury or death I may suffer arising from the event. Every term and provision of this contract is intended to be severable. If any one or more of them is found to be unenforceable or invalid, that shall not affect the other terms and provisions, which shall remain binding and enforceable.

**Emile Levy** — **75**
Signature of Entrant — AGE

**CONSENT AND RELEASE OF PARENT OR GUARDIAN**

I am the parent or guardian of _____ (Child). My Child is fit for the event, and I consent to my Child's participation. **I HAVE READ AND I UNDERSTAND THE ABOVE CONTRACT**. In consideration of allowing my Child to participate, I consent to the contract and agree that **ITS TERMS SHALL LIKEWISE BIND ME, MY CHILD**, and our heirs, legal representatives, and assignees. **I HEREBY RELEASE AND SHALL DEFEND, INDEMNIFY AND HOLD HARMLESS THE RELEASEES FROM EVERY CLAIM AND ANY LIABILITY** that I or my Child may allege against the Releasees (including reasonable legal fees and costs) as a direct or indirect result of injury or death to me or my Child because of my Child's participation in the event, **WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERS TO THE MAXIMUM EXTENT PERMITTED BY LAW. I PROMISE NOT TO SUE RELEASEES** on my behalf or on behalf of my Child regarding any claim arising from my Child's participation in the event.

_____
Signature of Parent or Guardian

M2010 Membership Forms/2010 Event Release.app    Rev 01/10

EXHIBIT A