IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00978-WYD-KLM

ELAINE LEVY, and those she represents,

    Plaintiff,

v.

CLAYTON DOWNEY WORTHINGTON;
PROGRESSIVE OVERLOAD, LLC;
MARK TYSON;
JOHN AND JANE DOE;
COLORADO VELODROME ASSOCIATION, INC.;
USA CYCLING, INC.; and
UNITED STATES OLYMPIC COMMITTEE,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Defendant Mark Tyson's Motion for Summary Judgment as to All Claims Against Mark Tyson (ECF No. 42), filed July 25, 2011.  A response in opposition to the motion was filed on August 19, 2011, and a reply was filed on September 1, 2011.  For the reasons stated below, the motion is denied without prejudice with leave to re-file once relevant discovery has been completed.

By way of background, the Velodrome is an outdoor cycling track located in Colorado Springs, Colorado.  The United States Olympic Committee ("USOC") operates the facility, and in the summer of 2009, the USOC contracted with the cycling club Colorado Velodrome Association, Inc. ("CVA") to supervise community club access and training at the Velodrome.

On June 19, 2010, the CVA opened the Velodrome to cycling by authorized riders. As an authorized rider, Plaintiff's husband Emile Levy ("Mr. Levy") was training at the facility that day. Mr. Levy was conducting speed runs, which involve sprinting with one's head down. At some point during Mr. Levy's speed runs, Defendants Gordon Kacala and Rita Kacala were also on the track to practice standing starts. At approximately 2:00 p.m., Mr. Levy's bike impacted with Gordon Kacala, causing Mr. Levy to fall to the track surface. Mr. Levy then went into cardiac arrest, and he died nine weeks later.

Defendant Mark Tyson ("Tyson") was present at the Velodrome on behalf of the CVA on the day of the collision, although the parties dispute whether Tyson was merely a volunteer for the CVA or whether he was present on behalf of the CVA in some other capacity. On the day of the accident, Tyson opened the Velodrome, monitored the overall activities taking place, and ensured that only authorized riders were on the track.

Both parties agree that Tyson was not physically present on the track or the infield when the collision occurred. The parties disagree, however, as to whether Tyson was physically present on the track or the infield when the Kacala Defendants were on the track simultaneously with Mr. Levy. While Plaintiff ("Mrs. Levy") alleges that Tyson was physically present when Mr. Levy and the Kacala Defendants were on the track at the same time, Tyson disputes this allegation.

In the pending motion for summary judgment, Tyson argues that he is immune from liability pursuant to the Volunteer Protection Act, 42 U.S.C. § 14503, because he was a volunteer for the CVA on the day of the collision. Tyson further argues that he is

immune from suit pursuant to Colo. Rev. Stat. §13-21-116(2). Included in Tyson's motion were ten "Undisputed Material Facts," supported by an affidavit executed by Tyson, intended to justify a finding of immunity based on Tyson's volunteer status.

In her response, Mrs. Levy disputes many of Tyson's "Undisputed Material Facts," often claiming that pursuant to Fed. R. Civ. P. 56(d) she cannot at this time present facts essential to justify her position. The response included an affidavit executed by Pierre Levy, one of Mrs. Levy's attorneys, pursuant to Fed. R. Civ. P. 56(d). Mrs. Levy suggests that she needs additional facts regarding Tyson's role with the CVA. She notes that as of the filing of the response, no Defendant had responded to Plaintiff's first round of discovery requests. Among other things, Mrs. Levy's discovery requests seek from Tyson and the CVA (1) to ascertain the complete factual basis for Tyson's assertion that he was a CVA volunteer, (2) a complete description of all policies and procedures regarding speed runs and standing starts, and (3) admissions that Tyson and the CVA knew that cycling at the Velodrome includes the possibility of serious physical injury and death. (Pl.'s Resp., Ex. 2.)

In addition to serving a first round of discovery requests on all Defendants, Mrs. Levy intends to depose Tyson, others that have knowledge of Velodrome operations, and Rule 30(B)(6) representatives of the CVA. Plaintiff anticipates that all of this discovery, taken together, will provide a basis for disputing Tyson's motion for summary judgment.

In his reply, Tyson contends that he has made a *prima facie* showing that he was a volunteer deserving liability protection under both federal and Colorado law. He

further contends that Mrs. Levy can offer no evidence to counter this showing. Attached to the reply are three answers to interrogatories posed by Mrs. Levy. In two of the answers, both Tyson and the CVA state that Tyson never received any form of compensation from the CVA in 2010. In the third answer, Tyson states that he has always served the CVA in a volunteer capacity.

Turning to my analysis, I note that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, a court may defer consideration of the motion, deny it, or allow time for the nonmovant to obtain affidavits, declarations, or discovery. Fed. R. Civ. P. 56(d). Fed. R. Civ. P. 56(d) was recently moved from subdivision (f) without any substantial changes. 10B Fed. Prac. & Proc. Civ. § 2740 (3d. ed.). "Rule 56(f) allow[ed] a court to stay or deny a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that it lacks facts necessary to oppose the motion." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). The Tenth Circuit has held that "[a]lthough the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). Further, the nonmovant must identify the unavailable facts and what steps have been taken to obtain those facts. *Id.* The Tenth Circuit also requires the nonmovant to "explain how additional time will enable him to rebut the movant's allegations of no genuine issue of fact." *Id.*

After reviewing the relevant pleadings and the applicable law, I find that Mrs. Levy has satisfied the requirements of Rule 56(d). She explained why facts precluding

summary judgment could not be presented at this time.  Indeed, common sense indicates that such facts are likely to be in the exclusive control of Defendants, and a "movant's exclusive control of such information is a factor weighing heavily in favor of relief" under Rule 56(d).  *Price*, 232 F.3d at 783.  She further identified the unavailable facts and what steps have been taken to obtain those facts.  Finally, Mrs. Levy explained how additional time will enable her to rebut the movant's argument that no genuine issues of fact exist.

Additionally, I note that Tyson's motion for summary judgment was filed four days after Mrs. Levy's first round of discovery requests was served on Defendants.  At the time of Mrs. Levy's response to the pending motion, no Defendant had responded to this first round of discovery.  Although Tyson's reply included three responses to interrogatories, Mrs. Levy has not had an opportunity to respond to this new information in connection with the motion for summary judgment.  Accordingly, I find that Tyson's Motion for Summary Judgment should be denied without prejudice pursuant to Fed. R. Civ. P. 56(d).

Based on the foregoing, it is

ORDERED that the Motion for Summary Judgment as to All Claims Against Mark Tyson (Doc. No. 42), filed July 25, 2011, is **DENIED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 56(d) with leave to re-file once relevant discovery has been completed.**

Dated:  October 31, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge