IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11cv00978-WYD-KLM

ELIANE LEVY, and those she represents,

    Plaintiff,

v.

CLAYTON DOWNEY WORTHINGTON, PROGRESSIVE OVERLOAD, LLC, MARK TYSON, JOHN AND JANE DOE, COLORADO VELODROME ASSOCIATION, INC., USA CYCLING, INC. and UNITED STATES OLYMPIC COMMITTEE,

    Defendants.

---

**[PROPOSED] STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

The parties, through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.    "CONFIDENTIAL INFORMATION" shall include all confidential and proprietary information relating to the United States Olympic Committee's relationship with

# EXHIBIT 1

USA Cycling, e.g., confidential financial information concerning the USOC's annual funding to USAC. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case.

    4.    CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, without the prior consent of the party producing it or further Order of the Court, to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents and witnesses; and

    (h)    other persons by written agreement of the parties.

    5.    Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate

notice: "CONFIDENTIAL," or by informing the non-producing party in a written communication or in an electronic mail message that a document is CONFIDENTIAL.

6. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, such information may be designated as "CONFIDENTIAL" in a written communication or in an electronic mail message to the non-producing party as set forth in Paragraph 5 above.

7. The Party receiving CONFIDENTIAL INFORMATION ("RECIPIENT PARTY") must provide a copy of this Order to any individual to whom they disclose CONFIDENTIAL INFORMATION and each such individual will be bound by this Order. No party or employee of a party, nor any witness, potential witness or expert will be permitted to review CONFIDENTIAL INFORMATION until that person has signed a non-disclosure agreement in the form attached hereto as **Exhibit A**, certifying that he or she has received a copy of this Order and agrees to be bound by its terms. Individuals authorized to review CONFIDENTIAL INFORMATION shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order.

8. Whenever a deposition or any document produced or disclosed for the first time in a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof and any such document shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation may be made on the record during the deposition, but a party may ALSO designate portions of depositions or any document produced or disclosed for the first time in a deposition as CONFIDENTIAL after transcription,

provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Any individuals not authorized under the terms of this order to receive CONFIDENTIAL INFORMATION will be excluded from the room in which the deposition is conducted while CONFIDENTIAL INFORMATION is being discussed.

9. A party may object to the designation of information designated as particular CONFIDENTIAL INFORMATION by giving written notice to the producing party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event it is necessary for the Parties to file CONFIDENTIAL INFORMATION with the Court in connection with any proceeding or motion, the

CONFIDENTIAL INFORMATION shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

11. The Parties acknowledge and agree that no adequate remedy is available at law for breach of this Protective Order, and that, in the event of a breach or threatened breach, specific performance of this Agreement may be ordered, a breach hereof shall be enjoined, or both.

12. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED AND APPROVED AS TO FORM this 10th day of November, 2011

*So ordered.*  [signature]  11/10/11
KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

s/ Pierre Levy                                s/ Michael Daugherty
Pierre Levy, Esq.                             Michael J. Daugherty, Esq.
O'Friel and Levy, PC                          White & Steele, P.C.
P. O. Box 2094                                600 – 17th Street, Suite 600N
Santa Fe, New Mexico 87504                    Denver, CO 80202
pierre@ofriclandlevy.com                      mdaugherty@wsteele.com

Attorney for Plaintiff                        Attorney for Defendant
                                              USA Cycling

*SIGNATURES CONTINUED ON NEXT PAGE*

5

| | |
|---|---|
| s/ Andrew Unthank | s/ Jamey Jamison |
| Kevin J. Kuhn<br>Andrew M. Unthank<br>Wheeler Trigg O'Donnell LLP<br>1801 California Street, Suite 3600<br>Denver, Colorado 80202<br>Telephone - (303) 244-1800<br>Facsimile – (303) 244-1879<br>kuhn@wtotrial.com<br>unthank@wtotrial.com<br><br>Attorneys for Defendant<br>United States Olympic Committee | Jamey W. Jamison, Esq.<br>Caitlin S. Quander, Esq.<br>Harris, Karstaedt, Jamison & Powers, PC<br>10333 E. Dry Creek Road, Suite 300<br>Englewood, CO  80112<br>cquander@hkjp.com<br>jjamison@hkjp.com<br><br>Attorneys for Defendants<br>Gordon and Rita Kacala |
| s/ Greg Pelton | s/ Denis Lane |
| Gregory V. Pelton, Esq.<br>Sparks Wilson Borges Brandt<br>& Johnson PC<br>24 S. Weber, Suite 400<br>Colorado Springs, CO  80903<br>gvp@sparkswillson.com<br><br>Attorney for Defendants<br>Colorado Velodrome Association and<br>Mark Tyson | Denis K. Lane, Jr.<br>1912 West Colorado Avenue<br>Colorado Springs, CO  80904-3839<br>DKLaneAtty@Qwest.net<br><br>Attorney for Defendants<br>Clayton Worthington and<br>Progressive Overload, LLC |

## EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Levy v. Worthington, et al.*, Civil Action No. 11cv00978-WYD-KLM, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date